IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

AIDA FERRER-FERRER

Plaintiffs,

v.

BERMUDEZ, LONGO, DIAZ-MASSO, S.E.;
JOHN DOE AND RICHARD DOE

Defendants

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

**TO THE HONORABLE COURT:**

Come now the Plaintiff, Aida Ferrer-Ferrer, represented by their undersigned counselors and very respectfully allege and pray as follows:

1. This Court has federal jurisdiction based upon the "Age Discrimination in Employment Act" (ADEA), 29 USC 621, et seq., as amended, and under 28 USC 1331 and 1337 in that the matter in controversy arises under an Act of Congress regulating commerce and relating to age discrimination and it exceeds the sum and value of $75,000.00.  Also, jurisdiction arises under 28 USC 2201 and 2202.

2. Also, the Court's supplementary jurisdiction to entertain local law claims arising under the same set of operative facts is hereby invoked.  The local law claims in this action are based upon: Law No. 100 of June 30, 1959, as amended, Laws of Puerto Rico Anno. 146, et seq., (Law 100); Puerto Rico Unjust Dismissal Act, Law No. 80 of May 30, 1976, as amended, 29 Laws of PR Anno. 185(e). (Law 80); Articles 1802 and 1803 of the Puerto Rico Civil Code.

3. The necessary procedural and administrative requirements to bring this action have been satisfied.

4. The proper venue is in this Court.

5. Plaintiff is of legal age and is a US Citizen with residence in Puerto Rico.

6. Ms. Ferrer is an individual covered and protected by the federal and local legislation invoked in this action.

7. Defendant, Bermudez, Longo, Diaz-Masso, S.E., (Defendant; Employer), was at all relevant times Ms. Ferrer's employer as defined by the federal and local laws invoked in this action. John Doe and Richard Doe are hereby joined as unknown party defendants, including but not limited, to insurance companies that have issued insurance policies covering this action.

8. Ms. Ferrer worked for the Employer since March 1st 1972, until December 22nd 2010 for a total time of thirty eight years (38) and nine (9) months. She work at several positions with the employer, her last position was "Oficinista de Nomina".

9. Ms. Ferrer performance in her job was outstanding.

10. Ms. Ferrer was illegally terminated on December 22nd, 2010. She was 79 years old at the time of the termination. She was terminated due to her age in direct violation of the ADEA and Puerto Rico Discrimination Law. Ms. Ferrer was told by the Employer that her time had come and was substituted in a discriminatory fashion by a younger and less senior person.

11. Ms. Ferrer's functions were needed at Bermudez, Longo, Diaz-Masso and are still being performed by other employees after her termination.

12. The Employer conduct was willful and in reckless disregard of Ms. Ferrer's

federally and locally protected rights. Thus, liquidated and/or punitive damages are hereby requested.

13. Ms. Ferrer suffered past, present, and future damages, including economic damages (in the form of loss of income and benefits), forfeiture of accrued benefits, and compensatory damages such as mental suffering and anguishes with manifestation of, among others of bodily injury, sickness or disease as a result of Defendants conduct.

14. Plaintiff demand trial by jury in all causes of action.

Wherefore plaintiffs demand the following:

    A. To enter declaratory judgment stating that the acts complained herein are in violation of ADEA, , Puerto Rico Law 80, and 100 and Articles 1802 and 1803 of the Puerto Rico Civil Code.

    B. That plaintiff be compensated for all her economic and mental suffering and anguishes, and other damages mentioned in this Complaint, in a sum not less than $1,000,000.00.

    C. That compensatory, punitive, liquidated, and any other type of damages applicable be imposed.

    D. That all sums adjudicated be effectively double as mandated by local law.

    E. That plaintiff be payed her statutory severance pay as per Law 80.

    F. That attorney's fees and expert fees are awarded.

    G. That pre-judgment and post-judgment interests be imposed.

    H. That all cost of litigation expenses be awarded.

    I. That Ms. Ferrer be reinstated to her position under conditions were her rights are not violated, and restitution of loss benefits. If reinstatement is not

    practicable, then that Ms. Ferrer be awarded front pay.

J. That back and front pay be awarded.

K. That all benefits be compensated.

L. That injunctive relief be ordered.

M. That plaintiff be granted such other further relief as it may be deem appropriated and proper, including an order directing defendant to cease following a practice adverse to ADEA protected individuals.

In San Juan, Puerto Rico, this July 11th, 2011.

RESPECTFULLY SUBMITTED.

        S/ <u>Enrique J. Mendoza Méndez</u>
          Enrique J. Mendoza Méndez
          USDC-PR 202804

          ***MENDOZA LAW OFFICES***
          P.O. Box 9282
          San Juan, Puerto Rico 00908-0282
          Tel. (787) 722-5522; 5530; 5540
          Fax. (787) 723-7057
          E-mail:  mendozalo@yahoo.com

       S/ Juan R. Dávila Díaz
         Juan R. Dávila Díaz
         USDC-PR 224209

         134 Mayagüez
         Hato Rey, Puerto Rico 00917
         Tel. (787) 525-7417
         Fax. (787) 763-9595
         E-mail:  davilajuanr@yahoo.com